

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

April 10, 2003

The Honorable William M. Jennings
Gregg County Criminal District Attorney
101 East Methvin Street, Suite 333
Longview, Texas 75601

Opinion No. GA-0058

Re: When the license of a bail bond surety who sold bail bonds before the creation of the county's bail bond board was "originally issued" for purposes of section 1704.203(a), (f) of the Occupations Code (RQ-0625-JC)

Dear Mr. Jennings:

You ask whether a bail bond surety who sold bonds before the county created its bail bond board in 2001 was licensed for purposes of section 1704.203(a), (f) of the Occupations Code before the board's creation.[1] *See* TEX. OCC. CODE ANN. § 1704.203(a), (f) (Vernon 2003).

You state that the Gregg County Bail Bond Board was created approximately one year prior to the date of your October 2002 request letter. *See* Request Letter, *supra* note 1, at 1. Consequently, bail bond sureties in Gregg County have been licensed under chapter 1704 of the Occupations Code only for approximately eighteen months, "regardless of how many years they have" engaged in the bonding business in Gregg County. *Id.* You ask, therefore, which statute governs these bail bond sureties' "bail bond allotment to security ratios": subsection (a) of section 1704.203 of the Occupations Code, which covers licenses issued before September 1, 1999, or subsection (f) of the same section, which covers licenses issued on or after that date. *Id.*; *see* TEX. OCC. CODE ANN. § 1704.203(a), (f) (Vernon 2003).

In a county with a bail bond board, no person may act as a bail bond surety "unless the person holds a license issued under" chapter 1704. TEX. OCC. CODE ANN. § 1704.151 (Vernon 2003); *see id.* § 1704.152 (setting forth eligibility standards). Once licensed, a surety may not execute an unlimited dollar amount of bonds; under section 1704.203, the amount a surety may execute generally increases in proportion to the length of time the person has been licensed:

> (a) Except as provided by Subsection (d), a license holder who holds a license originally issued before September 1, 1999, may not execute, and a person may not

---

[1] *See* Letter from Honorable William M. Jennings, Gregg County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Oct. 21, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

accept from the license holder, a bail bond that, in the aggregate with other bail bonds executed by the license holder in that county, results in a total amount that exceeds 10 times the value of the security deposited or executed by the license holder under Section 1704.160.

. . . .

(d) A license holder, at any time, may increase the limits prescribed by this section by depositing or executing additional security.

(e) This section does not apply to a license holder that is a corporation.

(f) A bail bond surety who holds a license originally issued on or after September 1, 1999, and who:

(1) has been licensed for fewer than two years . . . may not execute, and a person may not accept from the license holder, bail bonds that in the aggregate exceed 10 times the value of property held as security under Section 1704.160(a)(1)(A) plus five times the value of property held in trust under Section 1704.160(a)(1)(B);

(2) has been licensed for at least two years and fewer than four years may not execute, and a person may not accept from the license holder, bail bonds that in the aggregate exceed 10 times the value of property held as security under Section 1704.160(a)(1)(A) plus six times the value of property held in trust under Section 1704.160(a)(1)(B);

(3) has been licensed for at least four years and fewer than six years may not execute, and a person may not accept from the license holder, bail bonds that in the aggregate exceed 10 times the value of property held as security under Section 1704.160(a)(1)(A) plus eight times the value of property held in trust under Section 1704.160(a)(1)(B); or

(4) has been licensed for at least six years may not execute, and a person may not accept from the license holder, bail bonds that in the aggregate exceed 10 times the value of property held as security under Section 1704.160(a)(1)(A) plus 10 times the value of property held in trust under Section 1704.160(a)(1)(B).

*Id.* § 1704.203. Section 1704.160(a)(1), which section 1704.203 mentions several times, requires a person whose license application has been "conditionally approved" to (1) "deposit with the county treasurer a cashier's check, certificate of deposit, or cash" in the amount the applicant stated in the

application, *id.* § 1704.160(a)(1)(A), or (2) execute in trust to the county bail bond board "each deed to the property" that the applicant listed in his or her application, *id.* § 1074.160(a)(1)(B). *See also id.* §§ 1704.154(b)(2)(E), (3); 1704.160(a)(1).

None of the bail bond sureties in your county were licensed under chapter 1704 prior to the bail bond board's creation in 2001. *See* Request Letter, *supra* note 1, at 1. We assume, in addition, that you do not ask about corporate sureties, which are not subject to section 1704.203. *See* TEX. OCC. CODE ANN. § 1704.203(e) (Vernon 2003).

Section 1704.203 plainly refers to a "license." *See id.* § 1704.203(a), (f). While section 1704.203 does not specify "a license *under this chapter*," as do other sections of chapter 1704, *see, e.g., id.* § 1704.152(a) ("To be eligible for a license under this chapter . . . ."); *id.* § 1704.153 ("A person is not eligible for a license under this chapter . . . ."); *id.* § 1704.154(a) ("To be licensed under this chapter . . . ."), it cannot refer to anything other than a license issued under chapter 1704. *Cf.* Tex. Att'y Gen. LO-98-105, at 1 (stating that county may not impose bail bond licensing scheme unless bail bond board has been created in accordance with statute).

Moreover, section 1704.152(c) of the Occupations Code indicates that the legislature knew how to exempt qualified applicants from certain licensing requirements in a county with a newly created bail bond board. Section 1704.152, which governs eligibility for a license under chapter 1704, requires an applicant to have completed a certain amount of continuous work experience in the bail bond business and continuing legal education. *See* TEX. OCC. CODE ANN. § 1704.152(c) (Vernon 2003). Nevertheless, subsection (c) states that these work experience and continuing legal education requirements do not apply "to the issuance of an original license . . . in a county before the first anniversary of the date a board is created in the county." *Id.* § 1704.152(c)(1).

We conclude that the term "license" in section 1704.203 of the Occupations Code refers to a license issued in accordance with chapter 1704. Because the Gregg County Bail Bond Board was created after September 1, 1999, a noncorporate bail bond surety in Gregg County must comply with section 1704.203(f). Of course, under section 1704.203(d), a license holder may increase the statutory limits at any time "by depositing or executing additional security." *Id.* § 1704.203(d).

## S U M M A R Y

The term "license" in section 1704.203 of the Occupations Code refers to a license issued in accordance with chapter 1704. *See* TEX. OCC. CODE ANN. § 1704.203(a), (f) (Vernon 2003). No bail bond surety's license could have been "originally issued" prior to the creation of a bail bond board under chapter 1704. Consequently, in a county where a bail bond board was created after September 1, 1999, a bail bond surety must comply with section 1704.203(f). *See id.* § 1704.203(f).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee